UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHEVRON TCI, INC.                                           CIVIL ACTION

VERSUS

CAPITOL HOUSE HOTEL MANAGER,              NO. 18-00776-BAJ-RLB
LLC, ET AL.

ORDER

Before the Court is Defendants' **Objection And Motion To Quash Subpoena (Doc. 246).** The Motion is opposed. (Doc. 253). Plaintiff and Defendants filed Reply Briefs. (Doc. 259; Doc. 255).

Defendants request that the Court quash the Subpoena Plaintiff issued to Shannon Kirkpatrick. (Doc. 246, p. 1). Defendants argue that Kirkpatrick was not listed on Plaintiff's witness list, and therefore, Plaintiff cannot call Kirkpatrick as a witness. (*Id.*). Defendants also request that the Court tax Plaintiff with the attorneys' fees and costs Defendants expended regarding the instant Motion. (*Id.* at p. 2).

Plaintiff responds that the "subpoena was necessitated by an eleventh-hour evidentiary issue raised by Defendants related to certain exhibits" included on the parties' joint exhibit list. (Doc. 253, p. 1). Plaintiff contends that if the parties' joint exhibits are admitted into evidence at the beginning of the bench trial, as stipulated by the parties, then Plaintiff will withdraw the Subpoena at issue. (*Id.* at p. 1–2). If Defendants do not honor the prior joint exhibit stipulation, Plaintiff requests that the

1

Court deny Defendants' Motion to Quash Subpoena. (*Id.* at p. 2). Plaintiff further asserts that the Court should deny Defendants' request for attorneys' fees and costs, and instead, should tax Defendants for the attorneys' fees and costs associated with Plaintiff's defense of Defendants' Motion. (*Id.* at p. 10).

Defendants respond that they have not stated or implied that they no longer agree to the admission of all joint exhibits. (Doc. 259, p. 1). Defendants assert that "[n]othing in the correspondence between counsel, when read in its entirety, supports [Plaintiff's] accusation that Defendants have changed their position in any way regarding the joint exhibits." (*Id.*). Defendants represent that the joint exhibits are "stipulated as authentic." (*Id.* at p. 3).

Plaintiff responds that because Defendants have made their position clear that they will stipulate to the admissibility of the joint exhibits, Plaintiff will withdraw the Subpoenas issued to Kirkpatrick and McMains. (Doc. 255, p. 2). Accordingly, Plaintiff requests that the Court endorse the parties' stipulation that the joint exhibits be admitted into evidence without objection, direct Plaintiff to withdraw its Subpoenas to Kirkpatrick and McMains, and deny Defendants' Motion to Quash as moot. (Doc. 252, p. 2).

Because the matter appears to be resolved, the Court directs Plaintiff to withdraw its Subpoenas previously issued to Kirkpatrick and McMains. At the outset of this bench trial, the Court will admit all joint exhibits to which there are no objection. The Court finds that attorneys' fees are not warranted in this matter and directs the parties to meet and confer in good faith before presenting similar issues

to the Court.

Accordingly,

**IT IS ORDERED** that Defendants' **Objection And Motion To Quash Subpoena (Doc. 246)** is **DENIED AS MOOT.**

Baton Rouge, Louisiana, this 5th day of November, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**