UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHEVRON TCI, INC.	CIVIL ACTION

VERSUS

CAPITOL HOUSE HOTEL	NO. 18-00776-BAJ-RLB
MANAGER, LLC, ET AL.

### RULING AND ORDER

This matter is before the Court following a bench trial and appeal to the U.S. Court of Appeals for the Fifth Circuit. The Fifth Circuit upheld the judgment of this Court with the exception of three remaining issues. Both Parties have filed briefs addressing these issues, (Docs. 332, 333). For the reasons stated herein, the Court rules for the Plaintiff in part and Defendants in part.

### I. BACKGROUND

The full factual background and procedural history relevant to this Order are discussed in the Court's Ruling and Order and the Parties' Joint Status Report. (Docs. 284, 324). The sole remaining task involves the calculation of damages Defendants must pay to Plaintiff.

As noted, the Fifth Circuit affirmed the decision of this Court except for three remaining issues:

> (1) The issue of the proper setoff owed to Defendants for Priority Return payments made for 2008 and 2009;
>
> (2) The issue of applying the correct Special Tax Distribution and;

(3) The issue of applying the Federal Post-Judgment Interest Rate to the final judgment amount.

## II. LAW AND ANALYSIS

### a. Setoff Amount

This is a dispute regarding Priority Returns that were owed to Plaintiff. Priority Returns were due to Plaintiff per the Operating Agreement, (Doc. 283-87), from a percentage of the income from Cash Flow[1] or Capital Proceeds on an annual basis. (*See* Doc. 284 at 9). There were no positive Capital Proceeds or Cashflow for 2008 or 2009. (*Chevron TCI, Inc. v. Capitol House Hotel Mgr., LLC*, No. 22-30271, 2023 WL 5664105, at *2). The Fifth Circuit noted that this court rightly held that Defendants do not owe priority-return payments, but the record reflects that Defendants made priority-return payments to Plaintiff for 2008 and 2009 anyway. *Id.* Under Louisiana law, Defendants are entitled to a setoff for the amounts they overpaid. *See LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 399 (5th Cir. 2014). Therefore, this Court must determine the amount paid in Priority Returns by Defendants for 2008 and 2009 so that the amount may be subtracted from the total settlement amount owed to Plaintiff.

At trial, Defendants presented the testimony of Harold Alan Asher, a forensic accountant to review the Parties' contractual agreements. (Doc. 277 at 28.) At trial, after his review of the Operating Agreement (Doc. 283-87) and related documents, Asher concluded that the total amount overpaid by Defendants was $633,196 for 2008

---

[1] "Cash Flow" means the excess of Cash Receipts over Project Expenses. (Doc. 283-87 at 9.)

2

and 2009. (Doc. 333 at 2). In addition to that amount, Defendants argue they are owed post-judgment interest on the amount in which they overpaid for the Priority Returns. (Doc. 333 at 5.) The issue of post-judgment interest, which includes the amount of post-judgment interest due on the entire damages award, will be addressed in a subsequent section of this Order. At present, the Court will focus on the underlying amount due.

Plaintiff raises two issues regarding Defendants' proposed sum. First, Plaintiff differentiates between the year payments were *made* and the year the payments were *for*. For example, a payment *for* 2008 would be *made* in the following year. The Fifth Circuit ordered the Court to apply the setoff for the priority-return payments made for 2008 and 2009. *Chevron TCI, Inc.*, 2023 WL 5664105, at *8. Plaintiff argues that Defendants erroneously consider payments for 2007 and 2008, instead of payments for 2008 and 2009. (Doc. 332 at 3). For this threshold issue establishing which years are at issue, the Court agrees with Plaintiff. The Fifth Circuit explicitly mandated this Court to apply the payments *for* 2008 and 2009, not payments made *in* 2008 and 2009. *Chevron TCI, Inc.*, 2023 WL 5664105, at *8.

The second issue Plaintiff raises regarding the setoff amounts owed is the amount actually paid for 2009. (Doc. 332 at 3.) Defendants, through the testimony of their forensic accountant, argue that they paid $352,244 in Priority Returns for 2009. (*See* Doc. 278 at 290-291). The first analysis made by Asher was completed in preparation for trial in 2020, over ten years after the Parties entered into the Operating Agreement. (Docs. 278 at 258, 283-87.) In contrast, Plaintiff argues that

3

$352,244 reflected the amount owed, not paid to Chevron per the Operating Agreement, and that Defendants only made a partial payment of $23,563 for 2009. (Doc. 332 at 3). Plaintiff supports this argument with an email message dated April 16, 2013, from Defendant's own Tax Managing Director stating that $352,244 was owed to Plaintiffs per the agreement, not that the amount was actually paid. (Doc. 283-116 at 1). In the absence of any documentary evidence from Defendants reflecting that the full amount was paid, the Court agrees with Plaintiff. The Court finds that Plaintiff is correct in calculating the total setoff owed to Defendants is $376,374.

Defendants also argue that because the overpayment was in the realm of Priority Returns, it is "only fair" that the overpayment earns the same interest that applies to unpaid Priority Returns. (Doc. 333 at 5). The Fifth Circuit has not directed this Court to apply pre-judgment interest to overpayments on Priority Returns, and therefore this Court will not do so. Defendants cite no legal authority in support, nor do they cite any contractual provision calling for this interest. Instead, the Court will apply post-judgment interest later in this order to the settlement amount in its entirety.

### b. Special Tax Distribution

The Fifth Circuit directed this Court to recalculate Plaintiff's entitlement to the Special Tax Distribution. *Chevron TCI, Inc.*, 2023 WL 5664105, at *8. Section 6.2C of the Operating Agreement provides that for any fiscal year in which the Operator generates "Profits, Cash Flow, or Capital Proceeds," Defendants must pay Plaintiff an amount equal to "the Profits allocable to [Plaintiff]" and the "Applicable

4

Tax Rate." (*See* Doc. 283-87 at 45). Applicable Tax Rate is defined as "the combined effective federal, state, and local income tax applicable to [Plaintiff]" for the year in question. *Chevron TCI, Inc.*, 2023 WL 5664105, at *5. This Court found that the amount of Profits allocable to Plaintiff for the year 2012 was $4,311,144. *Id.* at 5. This Court also found that Plaintiff's combined federal, state, and local income-tax rate was 38 percent. *Id.* In accordance with the provisions of the Operating Agreement, this Court then multiplied these figures and awarded the product as damages. *Id.*

The Fifth Circuit dispatched Defendants' arguments challenging this analysis as unpersuasive. *Chevron TCI, Inc.*, 2023 WL 5664105, at *5. Therefore, this Court will not address them. The Fifth Circuit did, however, find error in this Court's calculation of the applicable tax rate. *Id.* at *6 Under the Operating Agreement, the Special Tax Distribution was to be calculated using "the combined *effective* federal, state, and local income tax applicable to [Plaintiff]" for the year in question. *Id.* at 5 (emphasis added). Defendants correctly point out that 38% was Plaintiff's marginal tax rate, not its effective tax rate. (Doc 333 at 6.) The Fifth Circuit's independent review confirmed that the marginal tax rate that should have been applied was 27.85%. *Chevron TCI, Inc.*, 2023 WL 5664105, at *6. The Court will therefore calculate the Special Tax Distribution with the corrected 27.85 percent.

### c. Post-Judgment Interest

Finally, the Fifth Circuit held that this Court erred in calculating the correct post-judgment interest rate. *Chevron TCI, Inc.*, 2023 WL 5664105, at *7 This Court awarded the contractual interest rate instead of the federal post-judgment interest

5

rate. *Id.* In diversity cases, the federal post-judgment interest rate applies. *Chapman & Cole v. Ital Container Int'l B.V.*, 865 F.2d 676, 689-90 (5th Cir. 1989). The Circuit held that the Parties did not contract around the federal rate because they failed to do so clearly, unambiguously, and unequivocally. *Chevron TCI, Inc.*, 2023 WL 5664105, at *7 (citing *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 458 (5th Cir. 2013)). Here, however, no such unequivocal language was discerned by the Fifth Circuit.

Plaintiff's only argument in response is that Defendants forfeited this argument by raising it for the first time on appeal. *Chevron TCI, Inc.*, 2023 WL 5664105, at *8. However, the Fifth Circuit has held that a party's failure to brief its entitlement to post-judgment interest does not constitute waiver. *Id.* Accordingly, this Court will apply the federal interest rate to the post-judgment interest.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that a setoff in the amount of $376,374 be and is hereby **APPLIED** to the Final Judgment in this case.

**IT IS FURTHER ORDERED** that the Special Tax Distribution Rate be and is hereby **RECALCULATED** incorporating the *effective* federal, state, and local income tax rate.

**IT IS FURTHER ORDERED** that the Federal Post-Judgment interest rate

be and is hereby **APPLIED** to the Final Judgment in this case.

Baton Rouge, Louisiana, this 12th day of December, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

7